IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Caroline Cook Bailey, ) | C/A No. 0:12-1724-TMC-PJG |
|           Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security,[1] ) | |
|           Defendant. ) | |

      This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Caroline Cook Bailey ("Bailey"), brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further proceedings.

## ADMINISTRATIVE PROCEEDINGS

      In September 2009, Bailey applied for SSI. Bailey's application was denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 10, 2011 at which Bailey appeared and testified and was represented by Daniel Mayes, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated May 19, 2011 finding that Bailey was not disabled. (Tr. 17-26.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

Bailey was born in 1963 and was forty-five years old on the date her application was filed. (Tr. 134.) She has a high school education and has past relevant work experience as a convenience store clerk and a retail clerk. (Tr. 150, 154.) Bailey alleges disability since September 19, 2009 due to fibromyalgia. (Tr. 149.)

The ALJ made the following findings and conclusions:

1. The claimant has not engaged in substantial gainful activity since September 25, 2009, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: lumbar degenerative disc disease and fibromyalgia (20 CFR 416.920(c)).
   * * *
3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
   * * *
4. . . . [T]he claimant has the residual functional capacity to lift up to 25 pounds occasionally and sit for four hours and stand and walk for four hours in an eight-hour day with the freedom to alternate positions every 30 minutes to one hour. The claimant is unable to stoop, kneel, or crouch, but can perform other postural movements occasionally. The claimant is also limited to occasional work above shoulder level.
   * * *
5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
   * * *
6. The claimant was born . . . [in] 1963 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
   * * *
8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

> national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> \* \* \*
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since September 25, 2009, the date the application was filed (20 CFR 416.920(g)).

(Tr. 19-26.)

Bailey filed a request for Appeals Council review and submitted additional evidence. The Appeals Counsel denied Baily's request for review on April 25, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform her past relevant work; and

(5)   whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 416.920(h).

at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Bailey raises the following issues for this judicial review:

I.  The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

II. The ALJ failed to properly evaluate the credibility of the Plaintiff.

(Pl.'s Br., ECF No. 14.)

## DISCUSSION

**A.     Residual Functional Capacity**

Bailey's first argument focuses on a Physical Capacities Evaluation Form completed by Bailey's treating physician, Dr. J. Edward Nolan.  (Tr. 558-59.)  As part of this form, Dr. Nolan opined that in an eight-hour workday Bailey could sit for three to fours hours for one hour at a time; stand for one to two hours for thirty minutes at a time; and walk for one to two hours for thirty minutes at a time.  (Tr. 558.)  The ALJ indicated that he gave "significant weight" to this opinion; however, after summarizing the above limitations, the ALJ found they were "consistent with the residual functional capacity's option to alternate positions every 30 minutes to one hour, sit for a total of four hours, and stand and walk for a combined total of four hours in an eight-hour workday." (Tr. 24.)  The Commissioner argues that this was a reasonable interpretation of Dr. Nolan's opinion in light of the evidence, and therefore, the ALJ's opinion is supported by substantial evidence.

A claimant's residual functional capacity ("RFC") "is the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 416.945(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." See 20 C.F.R. § 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's RFC.

The crux of Bailey's issue appears to be that although the ALJ stated he was giving Dr. Nolan's opinion significant weight, his RFC analysis fails to reflect the limitations as opined by Dr. Nolan. Specifically, Bailey appears to argue that the RFC reflects that she could stand *or* walk for four hours a day, implying that she could stand for all four hours or walk for all four hours, which is inconsistent with Dr. Nolan's specific limitations. The court is constrained to agree.

Bailey's argument is further supported by the vocational expert's testimony. When presented with the residual functional capacity ("RFC") that the ALJ ultimately found,[3] the vocational expert responded that Bailey could perform work as a tobacco sampler, carton packer, and coupon recycler. (Tr. 51; see also Tr. 52.) Bailey's attorney further questioned the vocational expert and specifically asked "if you were to assume that the individual could stand between one to two hours a day and could only walk one to two hours a day and could sit a total of between three to four hours a day, would that change your testimony on whether these jobs would be necessary—in other words, the total of sitting and standing would only add up to between four to six hours a day on average." (Tr.

---

[3] As stated above, the ALJ determined that Bailey retained the RFC "to lift up to 25 pounds occasionally and sit for four hours and stand and walk for four hours in an eight-hour day with the freedom to alternate positions every 30 minutes to one hour. The claimant is unable to stoop, kneel, or crouch, but can perform other postural movements occasionally. The claimant is also limited to occasional work above shoulder level." (Tr. 21.)

53-54.) The vocational expert responded, "That would eliminate all the jobs." (Tr. 54.) Therefore, the court finds that remand is warranted for further consideration of this issue.

**B.     Other Issues**

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Bailey's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Bailey may present her arguments on remand that the ALJ failed to properly incorporate the limitations in Dr. Nolan's clinical assessment of pain, which he also gave significant weight, in formulating Bailey's RFC and that the ALJ erred in assessing her credibility. Additionally, in this case, the court finds that reversal and remand for an award of benefits is not warranted. See Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting that when the court finds the Commissioner's denial of benefits to be improper, the court's "abundant deference to the ALJ" cautions in favor of remand, and entering an immediate finding of disability is appropriate only if the record "overwhelmingly supports" such a finding); Timmerman v. Comm'r of Social Security, C/A No. 2:07-3745-HFF-RSC, 2009 WL 500604 (D.S.C. Feb. 26, 2009) (observing that factors in deciding whether to remand for consideration of additional evidence or for an award of benefits include:  that deference cautions in favor of remand, plaintiff's court submissions include requests that this matter be remanded, and when evidence in the record does not overwhelmingly support a finding of disability); see also Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)).

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner as discussed above.

                                                       _____
                                                       Paige J. Gossett
                                                       UNITED STATES MAGISTRATE JUDGE

April 26, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).